FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 20 2024

TAMMY H. DOWNS, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STACEY EUGENE JOHNSON**                                                        **PLAINTIFF**

v.                                          Case No. 4:21-cv-00373 KGB

**TIM GRIFFIN, ATTORNEY GENERAL;**                                          **DEFENDANTS**
*et al.*

## MOTION TO QUASH SUBPOENAS ON BEHALF OF THIRD PARTY PROSECUTORS

Come third party prosecuting attorneys Todd Murray, Sonia Fonticella, Devon Holder, Matt Durrett, Jeff Phillips, Will Jones, Teresa Howell, Ben Hale, Connie Mitchell, Dan Turner, Frank Spain, Kyle Hunter, Tim Blair, Daniel Shue, Jeff Rogers, David Ethredge, Tom Tatum II, Drew Smith, Rebecca Reed McCoy, Debra Buschman, Michelle C Lawrence, Joshua Robinson, Tony Rogers, Carol Crews, Kevin Holmes, Chris Walton, and Chuck Graham, in their capacities as elected prosecutors, by and through counsel, Attorney General Tim Griffin and Assistant Attorney General Justin Brascher, and for their Motion to Quash pursuant to Federal Rule of Civil Procedure 45, and brief in support thereof, state as follows:

### PROCEDURAL HISTORY

The original Complaint in this case was filed on May 7, 2021, challenging the constitutionality of Act 1780 of 2001. A final scheduling order was issued on December 7, 2023, setting the discovery deadline of February 9, 2023. On January 24, 2024, Plaintiff served subpoenas on the third party prosecutors. On February 1, 2024, the parties agreed to allow additional time for discovery to be completed, which included affording the third party prosecutors

additional time to respond to Plaintiff's subpoenas. The prosecutors now bring the following motion.

## DISCUSSION

**1. Johnson's discovery requests to the Prosecutors are unduly burdensome, overly broad and irrelevant.**

A party seeking discovery bears the burden of demonstrating the need for the discovery. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377 (8th Cir. 1992); *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922 (8th Cir. 1999). [C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). A subpoena that subjects a person to undue burden must be quashed by the Court. F. R. Civ. Pro. 45(d)(iii).

In this case, the prosecutors are being subjected to an undue burden by these subpoenas, which will not provide Johnson with any useful information that he doesn't already know. Johnson represents in his complaint that only 5 out of 89 instances similar to his been granted in the State of Arkansas. Dkt. 1 at ¶ 57. The point he is attempting to make by saying this is that the law is being applied unequally to him when compared to other Arkansans. Whether this is true or not, Johnson clearly already has the information he needs. The information he is requesting will take an enormous amount of time and energy for the third party prosecutors to compile, and it will do nothing to enhance Johnsons' arguments.

For example, RFP #2 asks for any and all "communications, memoranda, protocols, or other guidelines" instructing prosecutors how to interpret Act 1780. How prosecutors have been

interpreting Act 1780, particularly prosecutors who have absolutely nothing to do with Mr. Johnson's case, is completely irrelevant to the actual issue in this case. Whatever instruction prosecutors were and are receiving about interpreting Act 1780 does not go towards any of Johnson's arguments, and does nothing to show that Johnson is being treated differently than any other inmate. Similarly, many of Johnson's RFP's strike the exact same chord. RFP's # 3 and 4 are essentially asking for data regarding how many post-conviction motions are made under Act 1780, and what their success rate is. But Johnson has already indicated in his complaint that he knows what the success rate is. Therefore, there is nothing to be gained from any of the documents that would be produced in response to RFP's # 3 and 4, and therefore they are irrelevant and unduly burdensome requests.

RFP's # 5, 6 and 7 all relate to any communications and documents between the Prosecutors and laboratories that perform DNA testing, including the Arkansas Crime Lab. Again, these documents that have been requested can not do anything to enhance Johnson's arguments. All documents and communications going back to when Act 1780 was enacted is incredibly time-consuming and burdensome, and the burden is on Johnson to demonstrate why these documents are need for his case. He can't demonstrate why, because these documents and communications couldn't possibly have any relation to the arguments he is attempting to make.

RFP's #8, 9, 10 and 11 all concern some form access provided to evidence for the performance of post-conviction DNA testing. Putting aside the near incomprehensible nature of these requests, if Johnson is requesting information regarding whether these prosecutors have allowed other parties to see how often post-conviction DNA testing is granted without a court order under Act 1780, that has no bearing on this case. Johnson is asking for a court order telling the prosecutor in his case-which again is not one of the prosecutors being served a third party

subpoena- that there needs to be more DNA testing. Whether other prosecutors have performed DNA testing without a court order in unrelated cases has no bearing on his case, and is irrelevant and unduly burdensome. RFP 12 concerns what every positions these third party prosecutors took during the initial legislative debate regarding Act 1780. That will force these prosecutors to dig back more than twenty years, and again has no ability to aid Johnson's arguments in any way.

RFP's 13 and 14 essentially asks the prosecutors for any past arguments they have made regarding Act 1780. Whatever past arguments these offices have made about the Act and whatever interpretations they may have had do not have anything to do with Johnson's argument that he is being treated differently. The undue burden is completely out of proportion to the incredibly limited relevance of these requests. RFP 15 serves as a sort of catch-all for any communications, written or other, that these prosecutor's offices have had regarding Act 1780. Just like the previous RFP's this request will do nothing to Johnson's argument that he is being treated differently under the law, particularly because these prosecutors have nothing to do with Johnson's case.

In sum, Johnson requests an incredibly wide breadth of documents that bear little to no relevance to the case that he is attempting to make as to why he should get more DNA testing. Every one of the requests for data regarding how often DNA tests are granted under Act 1780 is irrelevant, because based on his pleadings, Johnson already has all of the information he needs. The productions that Johnson is requesting will cause a significant burden on these prosecutors, who are in no way a party to this case. For those reasons, the requests are overly broad, unduly burdensome, and materially irrelevant. The Court should grant this motion for protective order.

**2. Some RFP's can be obtained by Plaintiff on their own, and are not within the exclusive control of the Prosecutors.**

Plaintiff makes several RFP's for documents that are publicly available and could simply be obtained through a diligent search of local court records. To force third parties who are not part of the litigation to expend countless time and resources to produce documents that could be obtained through a database search at the local clerk's office is not good policy. RFP #1 asks for "any post-conviction motions" and "any exhibits" as well as any "opposition or response" and any Court order denying or granting motions made pursuant to §16-112-201. This entire request is for documents that are public filings. It should be incumbent upon the Plaintiff to unearth those documents themselves since they are not in the exclusive possession of the Prosecutors.

Similarly, RFP #13 requests "transcripts of hearings or oral arguments" as well as any "orders, motions briefs or exhibits" that go along with those arguments, relating to Act 1780. All of that is public record and can be obtained by Johnson without getting it from the third party prosecutors. RFP #14 requests all "briefs or memoranda of law" that were prepared that "cite to or rely on" Act 1780. This is also a request that consists entirely of publicly available documents, and therefore Johnson and his attorneys can find these documents on their own without burdening these third parties.

## CONCLUSION

For the foregoing reasons, the third-party prosecutors respectfully request that their subpoenas be quashed.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By:    _s/Justin Brascher_
Justin Brascher
Ark. Bar No. 2023029
Assistant Attorney General
Office of the Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 503-4335
Email: justin.brascher@arkansasag.gov

*Attorneys for third-party prosecutors*