# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**STACEY EUGENE JOHNSON**                                                                 **PLAINTIFF**

v.                              **Case No. 4:21-cv-00373 KGB**

**TIM GRIFFIN,** *et al*.                                                                     **DEFENDANTS**

## ORDER

Before the Court is the motion to quash subpoenas on behalf of non-party[1] prosecutors (Dkt. No. 50). Non-party prosecuting attorneys Todd Murray, Sonia Fonticella, Devon Holder, Matt Durrett, Jeff Phillips, Will Jones, Teresa Howell, Ben Hale, Connie Mitchell, Dan Turner, Frank Spain, Kyle Hunter, Tim Blair, Daniel Shue, Jeff Rogers, David Ethredge, Tom Tatum II, Drew Smith, Rebecca Reed McCoy, Debra Buschman, Michelle C. Lawrence, Joshua Robinson, Tony Rogers, Carol Crews, Kevin Holmes, Chris Walton, and Chuck Graham (collectively, "Non-Party Prosecutors"), in their capacities as elected prosecutors, by and through counsel, Attorney General Tim Griffin and Assistant Attorney General Justin Brascher, seek to quash subpoenas issued to them by plaintiff Stacey Eugene Johnson (Dkt. No. 50, at 1). Mr. Johnson filed a response to the motion, and Non-Party Prosecutors filed a reply to Mr. Johnson's response (Dkt. Nos. 51; 53). For the following reasons, the Court denies the motion to quash subpoenas on behalf of Non-Party Prosecutors (Dkt. No. 50).

---

[1] The motion is titled "motion to quash subpoenas on behalf of third party prosecutors" (Dkt. No. 50). However, the Court notes that the prosecutors subject to the subpoenas at issue are not parties to this action. Since those prosecutors are not third-party plaintiffs or third-party defendants in this action, the Court will refer to this motion as the motion to quash subpoenas on behalf of non-party prosecutors.

I.  **Background**

This case is an action for declaratory and injunctive relief under 42 U.S.C. § 1983 that presents a facial and as-applied challenge to Arkansas Act 1780, codified as Arkansas Code Annotated §§ 16-112-201 through 208 (Dkt. No. 1, ¶¶ 1–4).  Mr. Johnson alleges violations of his due process rights, right to access the courts, and rights under the Eighth Amendment (*Id.*, ¶ 4). Non-Party Prosecutors represent that, on January 24, 2024, Mr. Johnson served subpoenas on Non-Party Prosecutors (Dkt. No. 50, at 1).  Non-Party Prosecutors further represent that, on February 1, 2024, the parties agreed to allow additional time for discovery to be completed, which afforded Non-Party Prosecutors additional time to respond to Mr. Johnson's subpoenas (*Id.*, at 1–2).  Non-Party Prosecutors then filed their motion to quash (*Id.*, at 2).

Non-Party Prosecutors' first argument in favor of their motion to quash subpoenas is that Mr. Johnson's discovery request is unduly burdensome, overly broad, and irrelevant (*Id.*, at 2). Non-Party Prosecutors claim that Mr. Johnson seeks information to show that Act 1780 "is being applied unequally to him when compared to other Arkansans," and that "[t]he information he is requesting will take an enormous amount of time and energy for [Non-Party Prosecutors] to compile, and it will do nothing to enhance [Mr.] Johnson['s] arguments." (*Id.*).  Non-Party Prosecutors assert that:

> Johnson requests an incredibly wide breadth of documents that bear little to no relevance to the case that he is attempting to make as to why he should get more DNA testing.  Every one of the requests for data regarding how often DNA tests are granted under Act 1780 is irrelevant, because based on his pleadings, Johnson already has all of the information he needs.  The productions that Johnson is requesting will cause a significant burden on these prosecutors, who are in no way a party to this case.  For those reasons, the requests are overly broad, unduly burdensome, and materially irrelevant.  The Court should grant this motion for protective order.

(*Id.*, at 4).

Non-Party Prosecutors' second argument in favor of their motion to quash subpoenas is that request for production ("RFP") numbers 1, 13, and 14 rely on information that could be "obtained through a diligent search of local court records." (*Id*., at 5).

Mr. Johnson argues that the Court should deny Non-Party Prosecutors' motion to quash subpoenas for two reasons: (1) Non-Party Prosecutors failed to confer in good faith with Mr. Johnson about the scope of discovery prior to filing the motion, violating Local Rule 7.2(g) of the Local Rules for the United States District Court for the Eastern and Western Districts of Arkansas (Dkt. No. 51, at 3–4); and (2) Mr. Johnson's requests are within the proper scope of discovery, the requests are not unduly burdensome, and any ambiguities in the request can be resolved by meeting and conferring (*Id*., at 4–10).

Non-Party Prosecutors filed a reply to Mr. Johnson's response, arguing that the Non-Party Prosecutors were not obligated to meet and confer with Mr. Johnson because they are not parties to the litigation, that Mr. Johnon's discovery requests are "not within the proper scope of discovery," and that complying with the plaintiff's requests will cause an undue burden on the Non-Party Prosecutors (Dkt. No. 53, at 2–4).

The Court will first address the argument that Mr. Johnson's subpoenas are unduly burdensome, overbroad, and irrelevant and that the requested information can be obtained through a diligent search of local court records. Then, the Court will address issues regarding the parties' failure to meet and confer.

**II.     Legal Standard**

Federal Rule of Civil Procedure 45(d)(3) outlines when the Court must, or may, quash a subpoena. It states:

Quashing or Modifying a Subpoena.

3

> (A) When Required.  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
>> (i) fails to allow a reasonable time to comply;
>>
>> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>>
>> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>>
>> (iv) subjects a person to undue burden.
>
> (B) When Permitted.  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
>> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>>
>> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
>
> (C) Specifying Conditions as an Alternative.  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
>
>> (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
>>
>> (ii) ensures that the subpoenaed person will be reasonably compensated.

The prohibition in Federal Rule of Civil Procedure 45 (d)(3)(A)(iv) on subpoenas that create an "undue burden" prevents "the discovery of information 'where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.'" *In re Missouri Dep't of Corr.*, 839 F.3d 732, 736 (8th Cir. 2016) (quoting *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999)).  "Concern for the

unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Miscellaneous Docket Matter No. 1*, 197 F.3d at 927 (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)) (citing *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (non-parties are afforded "special protection against the time and expense of complying with subpoenas")). A district court's decision regarding a motion to quash is reviewed for abuse of discretion. *Miscellaneous Docket Matter No. 1*, 197 F.3d at 925.

The boundaries of discovery, generally, are governed by Federal Rule of Civil Procedure 26. Under Federal Rule of Civil Procedure 26(b)(2)(C):

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

### III. Analysis

#### A. Undue Burden And Proper Scope Of Discovery

5

Non-Party Prosecutors state that the requests in Mr. Johnson's subpoenas are unduly burdensome, overly broad, and irrelevant (Dkt. No. 50, at 2).  Further, Non-Party Prosecutors state that Mr. Johnson does not need the information he seeks, or already has it, because his complaint states that only five out of 89 instances similar to his regarding DNA testing have been granted in Arkansas (*Id*. (citing Dkt. No. 1, ¶ 57)).  Additionally, Non-Party Prosecutors state that Mr. Johnson requests several documents "that are publicly available and could simply be obtained through a diligent search of local court records." (*Id*., at 5).  Ultimately, the Court understands each of these arguments to assert that Mr. Johnson's subpoenas are an "undue burden" on Non-Party Prosecutors under Federal Rule of Civil Procedure 45(d)(3)(A)(iv) or outside the scope of discovery under Federal Rule of Civil Procedure 26(b)(1).

Mr. Johnson replies that his requests are not unduly burdensome and that Non-Party Prosecutors "fail to show that the [r]equests subject them to an undue burden" (Dkt. No. 51, at 7). Mr. Johnson also asserts that the information sought from Non-Party Prosecutors is within the scope of discovery because the case is a procedural due process case, his requests "seek evidence of the processes that implement Act 1780," and Non-Party Prosecutors "are uniquely in possession" of information that demonstrates how Act 1780 is implemented (Dkt. No. 51, at 4–5). Mr. Johnson argues that the materials he seeks "are not only relevant but *central* to his case." (*Id*., at 6 (emphasis in original)). Mr. Johnson elaborates that his request is proportional to the needs of the case because:

> [Mr. Johnson] is a petitioner on Death Row who has steadfastly professed his innocence.  He seeks DNA testing under a statute that promises the chance to use such DNA testing post-conviction to vindicate such claims but in fact arbitrarily and capriciously denies such relief in all but a fraction of cases.  The constitutional due process claims Plaintiff brings raise issues of the highest importance for Plaintiff and others similarly situated.  The [Non-Party Prosecutors] possess critical evidence supporting Plaintiff's due process challenge that could shed light into real-world implementation of Act 1780 since its enactment.

6

(*Id*., at 7). Mr. Johnson contests the assertion that the information he seeks is publicly available, stating that as best as his counsel can discern, "no public database contains every motion and decision under the statute, let alone the underlying deliberations and procedures leading up to them. The people best situated to locate these materials are [Non-Party Prosecutors], and the best place to look is in their files." (*Id*., at 9).

Non-Party Prosecutors' reply to Mr. Johnson's response states that the undue burden of Mr. Johnson's requests "is rather straightforward." (Dkt. No. 53, at 3). They elaborate that:

> Many prosecutors in this State do not have an electronic database with which they can search all other documents, particularly going back as far as these requests contemplate. Therefore, requests for documents would almost certainly involve a manual search of thousands of paper documents for each prosecutor that does not have an electronic database with electronic search capabilities. Further, even prosecutors that do have electronic search capabilities likely do not have the ability to search as far back as Plaintiff has requested, increasing the undue burden on each [non-party prosecutor].

(*Id*.). Non-Party Prosecutors add that, given the burden of Mr. Johnson's requests, Mr. Johnson should gather on his own those documents that he is capable of gathering (*Id*., at 4). Non-Party Prosecutors also assert that that the discovery requests are "outside the scope of necessary discovery and irrelevant." (*Id.,* at 3)

The Court declines to find on the record before it that Mr. Johnson's subpoenas to Non-Party Prosecutors present an undue burden when the showing of undue burden has been limited to: (1) general assertions that not all prosecutors across the state of Arkansas have access to an electronic database; and (2) conjecture about what searches are available within electronic databases.

Non-Party Prosecutors failed to provide the Court with a representation regarding the undue burden of any specific request on any specific Non-Party Prosecutor. No Non-Party

7

Prosecutor has provided an affidavit regarding how any request would impact their office, specifically. This leaves the Court with only generalized objections made collectively on behalf of all Non-Party Prosecutors through their common counsel, an Assistant Attorney General in the Arkansas Attorney General's office. The Arkansas Attorney General, in his official capacity, is a named defendant in this action.

Further, the Court finds that Mr. Johnson's requests for information relating to the process that Non-Party Prosecutors employ to apply Act 1780 are relevant to Mr. Johnson's claims in this case. In particular, Mr. Johnson has articulated an as-applied challenge to Act 1780. This inherently requires discovery regarding the application of Act 1780 to other individuals.

Because there has been no showing of undue burden on behalf of any particular Non-Party Prosecutor and because Mr. Johnson's requests are relevant to his claims, the Court denies without prejudice the motion to quash subpoenas (Dkt. No. 50). The generalizations provided by counsel for Non-Party Prosecutors fail to provide information that would allow the Court to determine the extent of the burden that Mr. Johnson's requests pose.

### B. Failure To Meet And Confer

Local Rule 7.2(g) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas states that:

> All motions to compel discovery and all other discovery-enforcement motions and all motions for protective orders shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute and that they are not able to resolve their disagreements without the intervention of the Court. If any such motion lacks such a statement, that motion may be dismissed summarily for failure to comply with this rule. Repeated failures to comply will be considered an adequate basis for the imposition of sanctions.

Mr. Johnson asserts that the motion to quash is improper because Non-Party Prosecutors failed to confer with him under this rule (Dkt. No. 51, at 3–4). Mr. Johnson also states that Non-Party

Prosecutors and defendants to this action "are represented by the same counsel, who have been engaged in an ongoing dialogue with [Mr. Johnson's] counsel concerning the scope of discovery," and that Non-Party Prosecutors' decision to move to quash subpoenas without meeting and conferring "frustrates efforts to proceed reasonably and efficiently through the discovery process without overly involving the Court" (*Id.*, at 3).  Mr. Johnson further asserts that any ambiguities in his request can be resolved by meeting and conferring (*Id.*, at 10).

Non-Party Prosecutors replied by stating that they did not violate Local Rule 7.2(g) because they are not parties to this action and that their counsel is separate within the Attorney General's Office (Dkt. No. 53, at 2).

The Court declines to rule on this issue, as Non-Party Prosecutors' motion to quash subpoenas has been denied without prejudice on other grounds.

## IV.     Conclusion

For the foregoing reasons, the Court denies without prejudice Non-Party Prosecutors' motion to quash subpoenas on behalf of non-party prosecutors (Dkt. No. 50).  The Court notes that the parties previously filed a joint motion to extend motions deadline and continue trial date (Dkt. No. 65).  In that motion, the parties stated that their preference was for the Court to rule on the pending motion to quash before motions are due so the parties will know the extent to which Mr. Johnson will receive requested documents from the Non-Party Prosecutors (Dkt. No. 65, ¶ 5). Additionally, the parties stated that they agreed to meet and confer after the Court's ruling on the motion to quash to determine a mutually agreeable schedule for receiving additional documents from Non-Party Prosecutors, filing motions, and holding a trial in this matter (*Id.*, ¶ 6).  The parties offered to propose an updated schedule for the Court's approval after this conference (*Id.*, ¶ 7).

The Court granted the motion to extend motions deadline and continue trial date (Dkt. No. 66). The Court has now ruled on the motion to quash (Dkt. No. 50). The Court directs the parties to submit to the Court within 21 days from the entry of this Order a joint status report with mutually agreeable trial dates and deadlines for discovery and the filing of *Daubert* motions and all motions except motions for class certification and motions *in limine*. If the parties cannot mutually agree on a proposed trial date, discovery deadline, or motions deadlines, the parties are directed to file within 21 days from the entry of this Order individual status reports. The Court will issue an amended Final Scheduling Order by separate Order after it receives and considers the joint status report or individual status reports.

It is so ordered this 27th day of September, 2024.

_____
Kristine G. Baker
Chief United States District Judge